**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 05-03059-01-CR-S-RED |
| GABRIEL SANCHEZ-GUEVARA, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendant filed a Motion to Suppress Evidence, in which he asserts that evidence seized as a result of a search of his vehicle on April 13, 2005, should be suppressed. The United States filed its response. The matter was set for an evidentiary hearing, which was held before the undersigned on August 10, 2005. The defendant was present with counsel, John Kizer, and the United States was represented by David A. Jones, Assistant United States Attorney.

The government called Officer Russell Donaldson of the Greene County Sheriff's Department. On April 13, 2005, he was on road duty. He encountered defendant eastbound on I-44, driving a Suburban, with Texas plates. Officer Donaldson testified that he saw the vehicle "drive onto the white line that separates the right-hand driving lane from shoulder, at which time I activated my overhead lights and stopped the vehicle." [Tr. 3]. The officer expressed concern that, "[d]ue to driving on the line possible tired driver, possible impairment, DWI." [Tr. 3-4]. He testified that the fact that it was 4:30 in the morning caused him to be concerned. When he stopped the vehicle, defendant presented a Mexican driver's license, and provided insurance paperwork. Upon looking

1

inside the vehicle, Officer Donaldson noticed numerous people. The total number was determined to be 17, of whom approximately ten provided Mexican identification.

Officer Donaldson testified that the vehicle had sufficient room inside the lane to stay within that lane. He issued defendant a ticket for a lane violation.

On cross examination, Officer Donaldson testified that he wrote a routine narrative report on the same morning that the stop occurred. He issued the ticket at the scene. He admitted that he would put anything he felt was important in the report, including why he stopped the vehicle. The report states that he stopped the vehicle because of a traffic violation. The ticket indicated that there was probable cause for stopping in the vehicle for a lane violation, in violation of Mo. Rev. Stat.§ 304.015. It was the officer's testimony that he thought subparagraph 3 was the part of the statute defendant violated. He stated that he saw the vehicle "actually [drive] on the white line." [Tr. 10]. He agreed that he did not see the vehicle actually cross over the white line. Officer Donaldson testified that he was directly behind defendant's vehicle, and he was about three car lengths away when he saw the vehicle's tire touch the line. He had followed the vehicle approximately two miles before he saw it touch the line. After he noticed the violation, he followed the vehicle for about another mile. His report indicates that he saw the vehicle touch the white line at the 80-mile marker. He stopped it at the 82-mile marker. After he talked to defendant, he determined that he was not impaired. Other than touching the white line, there was no other traffic violation that he observed. Officer Donaldson testified that the eastbound lane of I-44 contains two lanes of traffic, with the passing lane on the left. The driving lane or traveling lane is on the right, and the white fog line is located on the edge of the right lane, not on the shoulder. He agreed that there was some traffic on the road at that time of night, and that it would not be unusual to see a Suburban on I-44 at 4:30 in

2

the morning. He told Agent James Webb, Special Agent with Immigration and Customs Enforcement ["ICE"], that he stopped the vehicle because of the traffic violation. He did not remember if he mentioned driver impairment to Agent Webb, and he acknowledged that he did not put his concerns about driver impairment in his report. The officer turned on the remote to videotape the stop, as is his usual practice, but something malfunctioned. During the time he was following the vehicle, it only touched the white fog line once. Otherwise, there was no swerving, speeding, crossing the center line, or other signs of erratic driving. Officer Donaldson admitted that although he did not note anything in his report other than the lane violation, "due to the fact I saw the vehicle drive on the line, I thought either the subject is sleepy or he's intoxicated." [Tr. 20].

On redirect examination, Officer Donaldson stated that he has been a road officer full-time for eight years, and often works the late shift. It was his testimony that he has encountered impaired drivers, either sleepy or intoxicated, numerous times a year, and has pulled those individuals over. He reiterated that his reason for stopping the vehicle was because of driving on the white fog line, and he also thought that the driver might be sleepy or impaired.

On recross examination, the officer admitted that prior to the hearing, he had never indicated to anyone that the reason he stopped the vehicle was for anything other than the traffic violation.

Defendant called Agent James Webb. He came to the scene to assist Officer Donaldson on the morning in question. He acknowledged that the only reason he was told that Officer Donaldson stopped the vehicle was the traffic violation. Agent Webb prepared a report, and that is what he indicated in that report.

Defendant argues that the Officer Donaldson lacked probable cause to believe that a traffic violation had occurred, and that he did not have the legal authority to initiate a traffic stop of

3

defendant. He contends that § 304.015 does not prohibit the conduct that he is accused of, i.e., touching the fog line on the right-side eastbound lane on I-44. He asserts that the only paragraph under this statute that might apply is § 304.015.6, and that this provision merely requires that a vehicle travel in the right lane of the highway. It is his position that there is no evidence his vehicle ever strayed outside of or crossed the white fog line. Defendant asserts that the statute is clear on its face, and that a law enforcement officer could judge whether there was a violation of the statute. It is his contention that the issue of whether a vehicle's tires touching the white fog line constitutes a violation of § 304.015.6 has never been directly addressed by the Missouri Courts. Defendant also distinguishes two Eighth Circuit cases, which upheld traffic stops where a vehicle's tires crossed a white fog line. United States v. Pulliam, 265 F.3d 736, 739 (8th Cir. 2001); United States v. Martinez, 354 F.3d 932, 934 (8th Cir. 2004). He contends that in those cases, the Court interpreted traffic laws from other states, and the vehicles in question actually crossed the fog lines. Defendant also asserts that Missouri Courts "have uniformly expressed skepticism in several cases as to whether touching a white fog line or yellow center line instead of crossing it constitutes a traffic violation." [Defendant's Motion to Suppress, 3-4].

Initially, § 304.015 pertains to driving on the right side of certain types of highways, including those that have been "divided into two or more roadways by means of a physical barrier or by means of a dividing section or delineated by curbs, lines or other markings on the roadway. . . ," in in subparagraph 3, roadways divided into three or more lanes in subparagraph 5, and highways having two or more lanes, in subparagraph 6. Officer Donaldson noted a violation of § 304.015 on the traffic citation, and testified in Court that he thought subparagraph 3 was applicable to the violation committed by defendant. Defendant contends that subparagraph 6 is most applicable

4

to this case. The Court's review of the statutory provision suggests that §304.015.6 is more applicable, but it is understandable that the officer was uncertain, given the lack of clarity in the statute. It is apparent that, regardless of which subparagraph applies, the focus of the statute as a whole is that drivers are to drive on the right side of the roadway and within their lane, regardless of whether the roadway consists of one or more lanes.

The law is clear that any traffic violation, however minor, provides a police officer with probable cause to stop a vehicle. E.g., Pulliam, 265 F.3d at 739; Martinez, 354 F.3d at 934. "In addition, an officer has probable cause to stop a vehicle if he or she 'objectively has a reasonable basis for believing that the driver has breached a traffic law.'" United States v. Grennell, 148 F.3d 1051, 1052 (8th Cir. 1998), quoting United States v. Thomas, 93 F.3d 479, 485 (8th Cir. 1996).

As defendant correctly asserts, Missouri courts have not directly ruled on the issue of whether a car's driving on or touching the fog line justifies a traffic stop. State v. Abeln, 136 S.W.3d 803, 815-17 (Mo. App. 2004); State v. Manley, 115 S.W.3d 398 n.5 (Mo. App. 2003); and State v. Mendoza, 75 S.W.3d 842, 845-46 (Mo. App. 2002). The Southern District has noted that "[a] traffic stop may be justified by observation of conduct which may not itself even constitute a traffic violation but merely an unusual operation." State v. Malaney, 871 S.W.2d 634, 635 (Mo.App.1994) (quoting State v. Bunts, 867 S.W.2d 277, 280 (Mo.App.1993))(officer observed vehicle weave toward center line, and back toward white line). The court found that a reasonable officer could believe that the erratic movements were caused by a driver who was asleep, intoxicated, or otherwise inattentive, and that the stop was justified. Malaney, 871 S.W.2d at 638.

The evidence adduced at the hearing established that Officer Donaldson saw defendant's

5

vehicle's tire touch the fog line as he was driving in the right lane, eastbound on I-44. After following the vehicle for a short period of time, he pulled it over to investigate the possible traffic violation. When he was given the opportunity at the evidentiary hearing, the officer said he was concerned that it was 4:30 a.m. when the stop occurred, and based on what looked like weaving, he thought the driver might be tired. The officer testified that he has been a road officer full-time for eight years, and often works the late shift. It was his testimony that he has encountered impaired drivers, either sleepy or intoxicated, numerous times a year, and has pulled those individuals over. He reiterated that his reason for stopping the vehicle was because of driving on the white fog line, and he also thought that the driver might be sleepy or impaired. There has been no evidence or argument set forth that defendant drove other than the officer alleged. The officer testified that he believed defendant's driving to be a violation of § 304.015.

It is the Court's finding that Officer Donaldson had an objectively reasonable basis for believing defendant was violating § 304.015, and that probable cause therefore existed for the stop. Having fully reviewed the evidence in the instant case, the Court finds that, given the time of day that the stop occurred, the officer's observation of what he reasonably believed to be a traffic violation, the fact that the statute is not entirely clear on the subject of what constitutes a violation, and the fact that Missouri courts have not ruled on the issue, it must be recommended that the motion to suppress be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Suppress Evidence be denied.

       /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date:  8/29/05