IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-03059-CR-S-RED |
| | ) | |
| GABRIEL SANCHEZ-GUEVARA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation (Doc. 29) of the Honorable James C. England, recommending that the Defendant's Motion to Suppress (Doc. 17) be denied. In this Motion, Defendant argues that there was no probable cause or reasonable suspicion justifying a stop of Defendant's vehicle.

Specifically, Defendant argues that he did not commit a lane violation by driving onto the white "fog line" separating the highway from the shoulder and that all evidence obtained following this stop should be suppressed. The Government filed a Response to Defendant's Motion to Suppress (Doc. 23) arguing that both driving onto the fog line as well as the suspicious driving by the Defendant, established probable cause for a stop. An evidentiary hearing was then held before United States Magistrate Judge James C. England, at which Greene County Deputy Russell Donaldson, the officer involved in the stop, testified. After due consideration of Officer Donaldson's testimony and the parties' briefs, Judge England issued his Report and Recommendation that Officer Donaldson had a reasonable basis for believing that the Defendant had committed a lane violation, and that probable caused existed for the stop. Accordingly, Judge England recommended that the motion to suppress be denied. Defendant

filed an Objection to the Report and Recommendation (Doc. 30), essentially reasserting his argument that driving onto the fog line was not a violation and therefore that the officer lacked probable cause or reasonable suspicion to stop the car. Upon a *de novo* review of the record, *see* 28 U.S.C. § 636(b), the Court **ADOPTS IN FULL** the Magistrate's Report and Recommendation.

## I. Probable Cause for Traffic Stop

The Report and Recommendation of the Magistrate Judge appropriately sets forth the facts as alleged by the government through their briefs and testimony. As such, the facts will only be recounted herein as necessary. Defendant argues that driving onto, but not over, the white fog line separating the highway from the shoulder is not a traffic violation within the meaning of Mo. Rev. Stat. § 304.015.6[1], and therefore, there was no probable cause for a stop of his vehicle.

Generally, we note that any traffic violation, no matter how minor, provides a police officer with probable cause to stop the driver of the vehicle. *United States v. Pulliam*, 265 F.3d 736, 739 (8th Cir. 2001); *United States v. Pereira-Munoz*, 59 F.3d 788, 791 (8th Cir. 1995). In addition, an officer has probable cause to stop a vehicle if he or she "objectively has a reasonable basis for believing that the driver has breached a traffic law." *United States v. Thomas*, 93 F.3d 479, 485 (8th Cir. 1996). Under this objective test, so long as police have probable cause to

---

[1]Subpart 6 of the statute states in relevant part:

> All vehicles in motion upon a highway having two or more lanes of traffic proceeding in the same direction shall be driven in the right-hand lane except when overtaking and passing another vehicle or when preparing to make a proper left turn or when otherwise directed by traffic markings, signs or signals. Mo. Rev. Stat. § 304.015.6 (2000).

-2-

believe that a traffic violation has occurred, the stop is valid even if the police would have ignored the traffic violation but for their suspicion that greater crimes are afoot. *Id.*

Here, although the magistrate found that the wording of Section 304.015 was uncertain and unclear, the focus of a statute "as a whole is that drivers are to drive on the right side of the roadway and within their lane, regardless of whether the roadway consists of one or more lanes." (Doc. 29). Without further guidance from the statute, it is reasonable to assume that an objective officer might find that driving onto the fog line would be a traffic violation necessitating a traffic stop.

Defendant further argues that three Missouri appellate cases cast doubt on whether merely driving onto traffic lane lines constitutes a violation justifying a stop. *See, e.g., State v. Ablen*, 136 S.W.3d 803 (Mo. Ct. App. 2004); *State v. Manley*, 115 S.W.3d (Mo. Ct. App. 2003); *State v. Mendoza*, 75 S.W.3d 842 (Mo. Ct. App. 2002). However, none of these cases dispositively state whether merely driving onto, but not over the line was a violation, leaving the issue open for interpretation.

Finally, the Court is persuaded by Officer Donaldson's testimony based on several years spent patrolling during the late shift that driving onto or over the white fog line possibly indicated a drunk, tired or otherwise impaired driver. As the Missouri Court of Appeals has noted "[a] traffic stop may be justified by observation of conduct which may not itself constitute a traffic violation, but merely an unusual operation." *State v. Malaney,* 871 S.W.2d 634, 635 (Mo. Ct. App. 1994).

In short, after a *de novo* review, the Court finds nothing in the record that indicates that Officer Donaldson's stop of the Defendant is based on anything other than an objective belief

-3-

that a traffic violation had occurred or a concern for traffic safety due to erratic driving. As such, probable cause existed to stop Defendant.

Accordingly, the Court hereby **ADOPTS IN FULL** the Report and Recommendation (Doc. 29) of the Honorable James C. England. For the reasons stated in the Report and Recommendation and for the reasons stated herein, Defendant's Motion to Suppress (Doc. 17) is **DENIED.**

**IT IS SO ORDERED.**

DATE: October 14, 2005            _/s/ Richard E. Dorr_
                                  RICHARD E. DORR, JUDGE
                                  UNITED STATES DISTRICT COURT

-4-

Case 6:05-cr-03059-RED   Document 32   Filed 10/17/05   Page 4 of 4